IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DRAZEN MARKOVIC and
DARIUS WALKER,
individually and on behalf of all others
similarly situated,

                  Plaintiffs,                                          ORDER

      v.                                                           09-cv-42-bbc

DEPARTMENT OF CORRECTIONS OF THE
STATE OF WISCONSIN, RICHARD F. RAEMISCH,
JOHN BETT, LARRY JENKINS, MICHAEL REIGH,
JACKIE KUHN, J.L. MARCUS INC.,
UNION SUPPLY INC., ACCESS SECUREPAK INC.
and WALKENHORST'S INC.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Originally, plaintiffs Drazen Markovic and Darius Walker filed their complaint in the Circuit Court for Dane County, Wisconsin, alleging that certain contracts between the Wisconsin Department of Corrections and four vendors for inmate personal property items violate price discrimination and antitrust statutes. On January 23, 2009, defendants removed the action to this court. In this court's January 28, 2009 order, I granted the motion of defendants Reigh, Kuhn, Department of Corrections, Raemisch, Bett and Jenkins

1

for screening of plaintiffs' complaint pursuant to 28 U.S.C. § 1915A. Now, before such screening could be accomplished, plaintiffs have filed a motion to supplement the complaint with a chart showing the difference in price of various musical instruments between the prison vendors and other outside sources from which prisoners are not allowed to order. This motion will be denied because it is unnecessary for plaintiffs to present evidence at this point in the proceedings. If their case survives screening, they will have a chance to submit evidence in support of their claims in connection with a motion for summary judgment or at trial.

There is another issue to resolve before this court screens the complaint. It is necessary to caution plaintiffs about the consequences of proceeding in a group complaint and allow them an opportunity to opt out. In Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit observed that there are a number of reasons a prisoner might not want to join in a group complaint filed in federal court.

For instance, if I conclude when I screen plaintiffs' complaint that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted, I will record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. In addition, each plaintiff will be held legally

2

responsible for knowing precisely what is being filed in the case on his behalf. Each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each a brief opportunity to withdraw from the suit. After the court receives responses from plaintiffs, I will screen the complaint pursuant to 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to supplement the complaint (dkt. #10) is DENIED as unnecessary.

2. Each plaintiff may have until March 6, 2009, in which to advise the court whether he wishes to prosecute this action.

3. Any plaintiff who fails to respond to this order by March 6, 2009, or who advises the court that he does not want to remain a party to the complaint, will be considered to

have opted out of the joint lawsuit.

Entered this 19th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4