IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DRAZEN MARKOVIC and
DARIUS WALKER,

                        Plaintiffs,                             OPINION and ORDER

      v.                                                         09-cv-42-bbc

DEPARTMENT OF CORRECTIONS OF
THE STATE OF WISCONSIN, RICHARD
F. RAEMISCH, JOHN BETT, J.L. MARCUS
INC., UNION SUPPLY INC., ACCESS
SECUREPAK INC. WALKENHORST'S INC.,
LARRY JENKINS, MICHAEL REIGH and
JACKIE KUHN.

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs are two prisoners who allege that defendants violated state and federal antitrust laws by agreeing to make defendants J.L. Marcus Inc., Union Supply Inc., Access Securepak, Inc. and Walkenhorst's Inc. the exclusive vendors for Wisconsin prisoners. In their original complaint, they asserted two causes of action: price discrimination, in violation of the the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13; and an agreement to restrain trade, in violation of Wis. Stat. § 133.03.

1

In an order entered March 6, 2009, I screened plaintiffs' original complaint pursuant to 28 U.S.C. § 1915A and concluded that I could not consider the merits of their claims because they had failed to comply with Fed. R. Civ. P. 8 and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). I gave plaintiffs until April 15, 2008 in which to file an amended complaint to address the pleading defects of the original complaint. As I explained in the March 6 order, plaintiffs' amended complaint would not satisfy Rule 8 and <u>Twombly</u> unless it alleged enough facts to provide notice of the claims and show that they are not "largely groundless." <u>Limestone Development Corp. v. Village of Lemont</u>, 520 F.3d 797, 803 (7th Cir. 2008). To do this, plaintiffs were instructed to:

- identify exactly which vendors sold overpriced items to each of them and whether any of those items were overpriced;
- identify a reasonable risk of competitive injury and allege facts that make it plausible to infer that a causal relationship exists between the alleged price discrimination and the alleged risk of competitive injury, <u>American Oil Co. v. F.T.C.</u>, 325 F.2d 101, 104 (7th Cir. 1963); and
- identify a plausible basis for inferring that defendants' agreement could be expected to have a "significant impact on competition in the marketplace," <u>Independent Milk Producers Co-op v. Stoffel</u>, 102 Wis. 2d 1, 8, 298 N.W.2d 102, 105 (Ct. App. 1980); <u>Reese v. Associated Hospital Service, Inc.</u>, 45 Wis. 2d 526, 532, 173 N.W.2d 661, 664 (1970).

Plaintiffs have filed their amended complaint. Aside from pleading additional facts to satisfy Rule 8, they have removed certain defendants from the caption, Larry Jenkins, Michael Reigh and Jackie Kuhn, and added a new claim against defendant Wisconsin Department of Corrections for unfair and deceptive trade practices under Wis. Stat. §

2

100.18(1). I construe plaintiffs' removal of defendants from the caption as a notice of voluntary dismissal of their claims against those defendants, pursuant to Fed. R. Civ. P. 42(a)(1)(A). As for plaintiffs' new claim, it will be dismissed because defendant Department of Corrections is a state agency that enjoys sovereign immunity. Finally, plaintiffs' two original claims will be dismissed because plaintiffs have failed to repair the pleading deficiencies I identified. Although plaintiffs describe how they were injured by defendants' agreement, they fail to allege sufficient facts to allow an inference to be drawn that defendants' agreement had an anticompetitive effect on the market.

From plaintiffs' complaint, I draw the following allegations of fact.

ALLEGATIONS OF FACT

A. Parties

Plaintiffs Drazen Markovic and Darius Walker are prisoners incarcerated at the Redgranite Correctional Institution. At times relevant to this complaint, defendants Richard F. Raemisch and John Bett were high-ranking officials for defendant Department Wisconsin Department of Corrections. Defendants J.L. Marcus Inc., Union Supply Inc., Access Securepak Inc. and Walkenhorst's Inc. are vendors that sell products such as games, electronics, clothing, writing supplies and musical instruments to both inmates and the general public.

B.  <u>Defendants' Exclusive Agreement</u>

Defendants Wisconsin Department of Corrections, Raemisch and Bett entered into an agreement with four vendors, defendants J.L. Marcus, Union Supply, Access Securepak and Walkenhorst's. Under the terms of the agreement, defendant Department of Corrections agreed to require its prisoners to purchase all their products from those four vendors. In exchange, the vendors agreed to pay the Wisconsin Department of Corrections "substantial kickbacks and benefits." The Department of Corrections has admitted that it receives a 5% markup on all items prisoners purchase through the four vendors, although plaintiffs "know" the mark-up price is more than 5%. The Department of Corrections has stated that it uses what it receives for the markup to pay for "inmates' needs" but there has been "no evidence shown" of that.

In the past, plaintiffs had been able to purchase personal items from many different vendors, including JCPenney, EastBay, Choice Distributors, American Music Supply, Musician's Friend, C. Crane, Sierra Trading Post and Crutchfield. Prisoners had been charged state sales tax by in-state vendors only. However, as a result of the agreement, Wisconsin prisoners, including plaintiffs, are now required to purchase all their personal property items from the four vendors,' who now offer special "canteen property catalogs" with prices listed higher than the prices listed in their general catalogs. The goods these four vendors sell to Wisconsin prisoners are of lower quality than those offered by other private

4

vendors and all four vendors charge Wisconsin prisoners state sales tax.

During the period from January 1, 2008 to December 31, 2008, the four vendors increased prices for goods sold to Wisconsin prisoners by 15%. According to plaintiffs, this is "one of the largest increases for goods in the country," "more than the average 2008 price increase of 5% and more than any "company in the entire country."

### C. Other Exclusive Agreements in Prison Setting

Defendant Department of Corrections has entered into other exclusive agreements similar to the one at issue in this case. For example, the phone service "Embarq" charges up to $9.00 for a 20-minute in-state phone call. The Department of Corrections receives 50% of that charge. In addition, "other states" enter into similar exclusive agreements. The Pennsylvania Department of Corrections has exclusive contracts with defendants Access Securepak and J.L. Marcus for personal items and with Verizon for phone services. Companies like the four defendant vendors in this case have a "near monopoly on items sold to the majority of prisons around the country."

### OPINION

### A. Deceptive Trade Practices Claim

Plaintiffs contend that defendant Department of Corrections violated Wis. Stat. §

5

100.18(1) because their "acts and practices . . . had and have a tendency to deceive plaintiffs into believing that the prices paid for personal items were established by competitive market forces, rather than by" an anticompetitive agreement.  It is not clear what "acts and practices" plaintiffs believe violate the statute, which prohibits only false or misleading "advertisement[s], announcement[s], statement[s] [and] representation[s]."

However, this is the least of plaintiffs' problems.  Plaintiffs' deceptive practices claim is asserted against only the Wisconsin Department of Corrections, a state agency entitled to state sovereign immunity.  Canadian National Railroad v. Noel, 304 Wis. 2d 218, 736 N.W.2d 900, 2007 WI App 179, ¶ 6.  (State agencies are entitled to sovereign immunity because "an action against a state agency is an action against the state.") (Citations omitted).  Because the Wisconsin Department of Corrections is immune from suit, this claim must be dismissed.

### B.  Antitrust Claims

In their amended complaint, plaintiffs fail once more to describe the anticompetitive effect of defendants' alleged agreement, which is fatal to their antitrust claims.  Plaintiffs contend that defendants' exclusive agreement had an anticompetitive effect on the market because the four vendors took over "100% of the United States market for goods sold to Wisconsin inmates."  However, plaintiffs do not get to choose how narrowly the market

6

should be drawn. Elliott v. United Center, 126 F.3d 1003, 1005 (7th Cir. 1997) (holding that plaintiffs' definition of relevant market as "food concessions within and around United Center" was too narrow; it should have included at least all comparable places in Chicago); Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc., 61 F.3d 1250, 1252 (7th Cir. 1995) (describing as "absurd" plaintiffs' definition of relevant market as bar mitzvah tours of Israel). Instead, the market must be defined in a way that "aid[s] in identifying any ability to raise price by curtailing output." Israel Travel, 61 F.3d at 1252. Plaintiffs do not say the Wisconsin prison market helps to identify defendants' ability to "raise price by curtailing output." There is no reason to believe that defendants' control of the "Wisconsin prison system" market would have an effect on the market. Defendants' competitors are restricted from selling their products to nonprisoners or other prison systems across the nation. The "market" is larger than a single state's prison system. Defendants sell their products to both prisoners and the general population, and sold their products in "other states." There is no reason to think their competitors did not do the same.

Plaintiffs do not describe what effect the Wisconsin prison exclusive agreement had on competitors in the nationwide prison market or even in the statewide market. Plaintiffs allege that defendants' sales prices to Wisconsin prisoners increased 15%, which they allege was a higher price increase than "any [other] company in the entire country" imposed. The problem. This dubious statement says nothing about why defendants' price increase to

7

Wisconsin prisoners would matter to competitors.

One possibility might be that defendants could use extra profits from Wisconsin prisons' overpriced sales to set up below-cost pricing in other areas. However, plaintiffs allege no facts that would allow the court to draw such an inference. Aside from this fact, plaintiffs make only conclusory statements in support of the anticompetitive effect (they are paying "supracompetitive prices," defendants are "not allowing any other competitors" to sell to them, this contract is "taking away business" from other vendors, etc.). Nothing in their complaint provides plausible grounds for drawing an inference that defendant vendors' competitors or others along the distribution chain suffered any competitive injury from defendants' exclusive agreement. What is left are plaintiffs' disagreements with the prison system's decision to limit their purchase of goods and with the quality and prices of the goods they receive as a result. Neither of these things amounts to an antitrust claim.

Plaintiffs were given an opportunity to amend their complaint to satisfy the requirements of Fed. R. Civ. P. 8, but they have failed. Therefore, their antitrust claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiffs Drazen Markovic's and Darius Walker's complaint is DISMISSED with

8

respect to their claims against defendants Larry Jenkins, Michael Reigh and Jackie Kuhn pursuant to Fed. R. Civ. P. 41(a)(1)(A).

2. The remaining claims in this action are dismissed pursuant to 28 U.S.C. § 1915A for the following reasons:

    a. Plaintiffs' claim that defendant Wisconsin Department of Corrections violated Wis. Stat. § 100.18(1) is DISMISSED because that defendant enjoys sovereign immunity.

    b. Plaintiffs' claims that defendants Department Wisconsin Department of Corrections, Richard F. Raemisch, John Bett, J.L. Marcus Inc., Union Supply Inc., Access Securepak, Inc. and Walkenhorst's Inc. violated 15 U.S.C. § 13 and Wis. Stat. § 133.03 by entering into an exclusive agreement are DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

3. The clerk of court is directed to enter judgment for defendants and close this case.

4. A strike will be recorded against plaintiffs Drazen Markovic and Darius Walker in accordance with 28 U.S.C. § 1915(g) and <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir.

9

2004).

Entered this 29th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10